# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

**-vs-**                                              **Case No. 6:14-cv-1268-Orl-41GJK**

**CATHY BRYANT,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 10)** |
| **FILED:** | **April 14, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

### I. BACKGROUND.

On August 6, 2014, the United States (the "Plaintiff") filed a complaint (the "Complaint") against Cathy Bryant (the "Defendant") to recover on a Certificate of Indebtedness (the "Certificate"). Doc. No. 1 at 1-3. In the Complaint, Plaintiff alleges that the current principal balance is $705.26; the current capitalized interest balance plus accrued interest is $443.69; and the total outstanding balance is $1,148.95. Doc. No. 1 at 1-2. Plaintiff alleges that

prejudgment interest accrues on outstanding balance at a rate of 8.000% per annum or $0.15 per day.  Doc. No. 1 at 2.

Plaintiff attaches the Certificate to the Complaint.  Doc. No. 1 at 3.  The Certificate, in relevant part, provides the following:

> On or about 04/18/99, the [Defendant] executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education.  <u>This loan was disbursed for $2,202.33 on 6/17/99, at 8.00 percent interest per annum</u>. . . .  The Department demanded payment according to the terms of the note, and the borrower defaulted on the obligation on 06/18/07.  Pursuant to 34 C.F.R. § 685.202(b), a total of $159.65 in unpaid interest was capitalized and added to the principal balance.
>
> The Department has credited a total of $2,070.00 in payments from all sources, including Treasury Department offsets, if any, to the balance.  After application of these payments, the [Defendant] now owes the [Plaintiff] the following:
>
> | | |
> |---|---|
> | Principal: | $705.26 |
> | Interest: | $259.74 |
> | <u>Total debt as of [March 30, 2011]:</u> | <u>$965.00</u> |
>
> <u>Interest accrues on the principal shown here at a rate of $0.15 per day</u>.

Doc. No. 1 at 3 (emphasis added).  Thus, the Certificate provides: the underlying loan was disbursed with an interest rate of 8.000% per annum; as of March 30, 2011, the total outstanding debt equaled $965.00; and interest accrued on the principal balance thereafter at a rate of $0.15 per day. Doc. No. 1 at 3.

As set forth above, Plaintiff alleges that as of August 6, 2014, the current capitalized interest balance and accrued interest equals $443.69. Doc. No. 1 at ¶ 3B.  There are 1,225 days between March 31, 2011 and August 6, 2014.  With interest accruing at $0.15 per day, the additional accrued interest for 1,225 days equals $183.75.  Thus, as of August 6, 2014, the

accrued interest equaled $443.49 ($259.74 + $183.75), and the total amount owed on the Certificate should be $1,148.75 ($705.26 + $259.74 + $183.75). However, in the Complaint, Plaintiff states that the total amount due is $1,148.95, which includes an unexplained, additional $0.20. Doc. No. 1 at 2. In the Complaint, Plaintiff requests a judgment in the amount of $1,148.95, plus prejudgment interest at a rate of "8.000% per annum or $0.15 per day" through the date of judgment, attorneys' fees, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 at the legal rate until paid in full. Doc. No. 1 at 2.

Defendant was properly served with the Complaint, but failed to appear or otherwise defend this action. Doc. No. 5. On December 23, 2014, the Clerk entered default against the Defendant. Doc. No. 6-7. On January 21, 2015, Plaintiff filed a Motion for Entry of Default Judgment (the "Motion"). Doc. No. 8. In the Motion, Plaintiff requests a default judgment in the amount due and owing, which, as of January 15, 2015, Plaintiff calculates as $1,178.93, representing unpaid principal of $705.26, plus $473.67 in accrued interest. Doc. No. 8 at 2.[1]

On March 30, 2015, the Court entered an order denying the Motion because Plaintiff failed to demonstrate how Plaintiff calculated the amount of interest owed as of January 15, 2015, and the undersigned could not reconcile Plaintiff's figures. Doc. No. 9 at 3. In the order, the Court explained:

> As set forth in the Complaint and Certificate, interest accrues at "8.000% per annum or $0.15 per day." Doc. No 1 at 2-3. On August 6, 2014, the accrued interest equaled $443.49 (*see supra* p. 2). There are 162 days between August 6, 2014 and January 15, 2015. At $0.15 per day, an additional $24.30 in interest accrued during that time. Therefore, as of January 15, 2015, the total accrued interest should be $467.79 ($259.74 + $183.75 + $24.30). However, Plaintiff states in the Motion that on January 15, 2015,

---

[1] Plaintiff also requests additional amounts, including prejudgment interest at 8.000% per annum through the date of judgment, costs, attorneys' fees, and post-judgment interest. Doc. No. 8.

> the accrued interest totals $473.67. Doc. No. 8 at 2. The Court cannot reconcile the difference between Plaintiff's calculation of accrued interest ($473.67) and the Court's calculation ($467.79), a difference of $5.88, both of which are based upon an interest rate of 8.000 percent per annum or $0.15 per day.

Doc. No. 9 at 3. Accordingly, the Court denied the Motion and directed the Plaintiff to file a renewed motion, "which explains the precise interest rate and demonstrates Plaintiff's calculation as to the amount of interest that has accrued on the outstanding principal balance since March 30, 2011." Doc. No. 9 at 4.

On April 14, 2015, the Plaintiff filed a Renewed Motion for Entry of Default Judgment (the "Renewed Motion"). Doc. No. 10. In the Renewed Motion, Plaintiff again states "[a]s of January 15, 2015 there is due and owing to Plaintiff from Defendant the sum of $1,178.93 consisting of $705.26 unpaid principal, plus $473.67 in interest <u>at the variable rate of 8.00%</u> . . . together with interest thereafter to the date of entry of judgment per year . . . and together with costs taxed . . . and attorney's fees . . . pursuant to . . . the Promissory Note. . . ." Doc. No. 10 at 2 (emphasis added). Thus, not only does Plaintiff assert that its accrued interest calculations are correct, Plaintiff now alleges, for the first time, that interest accrues at a variable rate. Doc. No. 10 at 2.

Plaintiff states that it "is mindful of this Court's Order of March 30, 2015 identifying a discrepancy in the interest calculation," but that "discrepancy is due to rounding." Doc. No. 10 at 2. Plaintiff explains:

> The principal amount owed is $705.26. <u>Eight percent</u> of that <u>equates to daily interest of $0.154577534</u>. The Certificate of Indebtedness rounded the calculation to $0.15. <u>The Department of Education computer apparently rounds the calculation between those two numbers</u>. Calculating <u>interest for 1225 days at 8% per year comes to $189.36</u>. <u>Interest at $0.15/day comes to $183.75</u>.

4

> <u>When using $0.150163265, the result comes to $183.95, the $.020 [sic] difference the Court noted</u>.

Doc. No. 10 at 2 (emphasis added). Thus, Plaintiff explains that the Department of Education is utilizing a per diem rate of $0.150163265 as a "rounding" between the 8.00% per annum or $0.154577534 per diem and $0.15 per day to calculate accrued interest. *See* Doc. No. 10 at 2-4.

The undersigned finds that Plaintiff, with the exception of Plaintiff's representation that the rate is variable, has identified the per diem rate it is requesting - $0.150163265, which reconciles the Plaintiff's calculations for the total amount owed under the Certificate. Moreover, the undersigned notes that the per diem rate Plaintiff requests is less than the 8.00% per annum requested in the Complaint. *See* Doc. Nos. 1 at 2 (requesting 8.00% per annum); 10 at 4 (chart showing various rates and calculations). Based on the above per diem rate, as of April 14, 2015, the date the Motion was filed, the total outstanding balance due is $1,186.04 as set forth in the table below:

| Per Diem Rate | $0.150163265 | |
|---|---|---|
| Principal | | $705.26 |
| Interest through 3/30/2011 | | $259.74 |
| Interest through 4/14/2015 | 1476 days | $<u>221.64</u> |
| **Total** | | **$1,186.64** |

*See* Doc. No. 10 at 4 (calculating total outstanding balance through April 10, 2015). Thus, Plaintiff requests entry of default judgment. Doc. No. 10 at 5. Plaintiff also requests an award of costs in the amount of $150.00, pursuant to 28 U.S.C. § 1921, for service and travel expenses,

but Plaintiff "makes no claim for fees." Doc. No. 10 at 5.[2]

## II. ANALYSIS.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Court may enter a default judgment. *Id*. The facts alleged in the Complaint are sufficient to establish that Defendant is indebted to the Plaintiff, pursuant to the Certificate, and that Plaintiff is entitled to default judgment in the following amounts:

---

[2] The undersigned is aware that at other places within the Motion and its attachments, Plaintiff does request attorneys' fees. *See* Doc. No. 10 at 5, 9-10. Therefore, the undersigned finds the Motion to be internally inconsistent. If appropriate, after the the Court rules on this report and recommendation, Plaintiff may file a motion for attorneys' fees, supported with a detailed memorandum of law and affidavit, within the deadlines established by the Federal Rules of Civil Procedure.

| Per Diem Rate | $0.150163265 | |
|---|---|---|
| Principal | | $705.26 |
| Interest through 3/30/2011 | | $259.74 |
| Interest through 4/14/2015 | 1476 days | $221.64 |
| Interest from 4/15/2015 - 12/23/2015 | 253 days | $37.99 |
| **Total** | | **$1,224.63** |

Thus, Plaintiff is entitled to a default judgment in the amount of $1,224.63 through December 23, 2015, with prejudgment interest accruing on the principal balance at a rate of $0.150163265 per diem. Doc. No. 10 at 3-5. Pursuant to 28 U.S.C. §§ 1920(1) and/or 1921, Plaintiff is also entitled to recover the $150.00 in costs associated with service of process. *See* Doc. No. 10 at 5, 11. However, Plaintiff's argument that the rate should be variable (Doc. No. 10 at 2) is not supported by the Complaint (Doc. 1 at 2) or the Certificate (Doc. No. 1 at 3). Thus, the undersigned rejects that argument.

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order:

1. **GRANTING in part and DENYING in part** the Motion (Doc. No. 10);
2. **ENTERING** judgment in favor of Plaintiff and against the Defendant in the amount of $1,374.63, representing:
   a. $705.26 in principal;
   b. 259.74 in interest through March 30, 2011;

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

7

   c.  $259.63 ($221.64 + $37.99) in interest at the per diem rate of $0.150163265 from March 31, 2011 through December 23, 2015;

   d.  prejudgment interest at the per diem rate of $0.150163265;

   e.  post judgment interest at the legal rate; and

   f.  $150.00 in costs.

 3. Otherwise, **DENYING** the Motion (Doc. No. 10); and

 4. **DIRECTING** the Clerk to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

 **RECOMMENDED** in Orlando, Florida on December 23, 2015

                 */s/ Gregory J. Kelly*
                 GREGORY J. KELLY
                UNITED STATES MAGISTRATE JUDGE

.

Copies furnished to:
Presiding District Judge
Counsel of Record